COMP
LLOYD BAKER, ESQ.
Nevada Bar No.: 6893
ROBERT W. CURTIS, ESQ.
Nevada Bar No.: 9317
BAKER LAW OFFICES
500 S. Eighth Street
Las Vegas, Nevada 89101
(702) 360-4949
*Attorney for Plaintiff*

**FILED**

FEB 0 3 2010

CLERK OF COURT

DISTRICT COURT

CLARK COUNTY NEVADA

In re-estate of EDGAR H. MALLOY,
EDGAR W. MALLOY, as the Sole Administrator of
EDGAR H. MALLOY Estate; EDGAR W. MALLOY,
as heir to the Estate of EDGAR H. MALLOY

    Plaintiff,

vs.

SPX COOLING TECHNOLOGIES, INC.,
a business entity, ROE EMPLOYEE,
ROE Individuals I thru X,
and DOE Corporations and other Business Entities I
through X, inclusive

    Defendants.

CASE NO:
DEPT. NO:

A 10 620 9501-C
XVII

## COMPLAINT

COMES NOW the Plaintiff, EDGAR W. MALLOY, as a Sole Administrator for the Estate of EDGAR H. MALLOY, and as heir to the Estate of EDGAR W. MALLOY, by and through Plaintiff's attorney, LLOYD BAKER ESQ., of BAKER LAW OFFICES and for his causes of action against the Defendants, and each of them, alleges as follows:

### INTRODUCTION

I.

That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendant ROE Individuals and Defendants DOE Corporations and other Business Entities I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE and ROE is responsible in some manner for the events and happenings referred to and

 

caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Defendant ROE Individuals and Defendants DOE Corporations and other Business Entities I through X,, when the same have been ascertained, and to join such Defendants in this action, along with appropriate charging allegations.

II.

At all material times, Defendants, and each of them, were individuals and/or entities who were and are agents, masters, servants, employers, employees, owners, managers, joint venturers, representatives and/or business associates with respect to the other named Defendants, and with respect to each other, and were residents, doing business and/or acting within the course and scope of their authority in Clark County, Nevada, as such agents, masters, servants, employers, employees, owners, managers, joint venturers, representatives and/or business associates, and with the consent, knowledge, authorization, ratification and permission of each other.

III.

At all times relevant hereto, Defendants, and each of them, were responsible for the acts and omissions of themselves and each other Defendant and held a special relationship with the other Defendants and with others, non-delegable in nature, and subject to a peculiar and high risk of harm for a breach thereof.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

IV.

Upon information and belief, that at all times relevant to this action Defendants, SPX COOLING TECHNOLOGIES, INC., are duly incorporated in the State of Delaware with its principal place of business is in Charlotte North Carolina, and is duly licensed to conduct business in the State of Nevada, County of Clark.

V.

Upon information and belief, that at all times relevant to this action, the Deceased EDGAR H. MALLOY, hereinafter referred to as "DECEASED" was a resident of Clark County, Nevada.

## VI.

Upon information and belief, that at all times relevant to this action, Plaintiff EDGAR W. MALLOY, as Heir, and as Administrator of the Estate, hereinafter referred as "PLAINTIFF" was and is a resident of Dolores, Colorado.

## VII.

Upon information and belief, that at all times relevant to this action, the Defendant, SPX COOLING TECHNOLOGIES, INC., (hereinafter referred to as "SPX") is duly incorporated in the State of Delaware and was registered and licensed to conduct business in the State of Nevada, and designed and manufactured the Marley M-1 Cooling System, and as such did, introduce and/or cause said products to be introduced into the State of Nevada for the purpose of their use within the State of Nevada.

## VIII.

That all the facts and circumstances that gave rise to the subject lawsuit occurred in Clark County, State of Nevada.

## IX.

At all times relevant hereto, Defendants, and each of them, were responsible for the acts and omissions of themselves and each other Defendant and held a special relationship with the other Defendants and with others, non delegable in nature, and subject to a peculiar and high risk of harm for the breach thereof.

## X.

That on or about February 7, 2008, the DECEASED was engaged in resetting a Marley M-1 Vibration Switch in preparation for restarting the #3 Cooling Tower at the City Hall. At some point the Cooling Tower system activated, and the fan blades of the Cooling System rotated. Upon information and belief, the fan entangled the DECEASED's jacket and arm, and the fan blade struck him in the posterior (rear) of the head. As a result the DECEASED received crushing injuries to his right elbow, and a skull fracture; and was pronounced dead on February 8, 2008.

## FIRST CLAIM FOR RELIEF

(WRONGFUL DEATH)

### XI.

Plaintiff incorporates by reference as though fully set forth herein, all of the allegations of the above paragraphs. As and for a First Claim for Relief, Plaintiff complains of defendants, and each of them, that:

### XII.

As previously set forth, described and alleged, Defendants, and each of them, caused directly and proximately the injuries of EDGAR H. MALLOY on or about February 7, 2008 and subsequently his death on or about February 8, 2008, wherein, Defendant SPX designed and manufactured the Marley M-1 Cooling Tower.

### XIII.

That Defendants, and each of them, at the time of the incident were negligent and careless and breached their duty of care to the DECEASED in the following particulars, but not limited to:

A. By designing the Marley M-1 Cooling Tower in such a way as to pose an unreasonable risk of serious injury or death to others while resetting the cooling tower fan, or otherwise working in or about the cooling tower;

B. By failing to post proper and reasonably sufficient warnings on or near the Marley M-1 Cooling Tower which inadequate warnings failed to advise the user of the hazardous conditions inside the cooling tower;

C. By failing to provide and/or publish reasonably adequate instructions, manuals, or training for maintenance of the Marley M-1 Cooling Tower;

D. By failing to remedy the defective design by reasonable means;

E. In violating certain Nevada revised statutes and Clark County Ordinances, for which the Plaintiff will pray leave of Court to insert the exact statutes or ordinances at the time of trial;

F. By negligently manufacturing the Marley M-1 Cooling Tower in such a way as to pose an unreasonable risk of serious injury or death to others;

G. The Defendants, and each of the Defendants, had, or should have had, knowledge or notice of the existence of said dangerous and defective conditions which existed on the Marley M-1 Cooling Tower which is the subject of this litigation;

H. The failures and negligence of Defendants, and each of them, caused DECEASED's death.

XIV.

At some time prior to February 7, 2008, Defendants, and each of them, did design, manufacture, distribute and sell the Marley M-1 Cooling Tower in the State of Nevada, for use as a commercial air conditioning cooling tower, whereupon said use was for the use which said Marley M-1 Cooling Tower was designed manufactured, distributed, or sold and specifically intended for this purpose.

XV.

At all times pertinent hereto, Defendants, and each of them, expressly and/or impliedly warranted that the certain Marley M-1 Cooling Tower in question was in all respects fit for the purposes and uses for which it was intended and was of merchantable quality.

XVI.

At all times pertinent hereto, said Marley M-1 Cooling Tower in question was defective, hazardous and dangerous, and was in fact not fit for the purposes and uses for which it was intended and was not of merchantable quality.

XVII.

At all times mentioned herein, Defendants, and each of them, owed a duty to all persons who could reasonably be foreseen to be situated in and around the Marley M-1 Cooling Tower in question, and such a duty was specifically owed to Plaintiff.

### XVIII.

Said injury and death sustained by DECEASED were the direct and proximate result of Defendants' Breach of Duty and were not a result of any negligence on DECEASED's part.

### XIX.

That as a direct and proximate result of the Defendants' negligence, and each of them, DECEASED was seriously injured and caused to suffer great pain of body and mind in an amount in excess of Ten Thousand Dollars ($10,000.00) in general damages.

### XX.

As a result of the Defendants' negligence, the DECEASED has suffered serious injuries to his person, which injuries have required and may still require treatment and care and from which the DECEASED has suffered pain, discomfort, irritation, upset, embarrassment, reduced physical activity and the inability to live his life in the manner it was conducted prior to the injury.

### XXI.

As further direct and proximate result of Defendants' negligence, DECEASED was forced to incur medical expenses for treatment for his injuries in an amount in conformance to proof at trial.

### XXII.

Prior to the injuries complained of herein, DECEASED, was an able-bodied person, capable of engaging in all other activities for which DECEASED was otherwise suited. By reason of the premises, and as a direct and proximate result of the negligence of the said Defendants, and each of them, DECEASED was injured, and in fact, died. The damages are in a sum not yet ascertainable, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

////

## XXIII.

That it has been necessary for Plaintiff to retain the services of an attorney to prosecute this action and PLAINTIFF is, therefore, entitled to reasonable attorney's fees and costs of this action. and prejudgment interest

### SECOND CLAIM FOR RELIEF:

(CLAIM UNDER STATUTE)

## XXIV.

Plaintiff incorporates by reference as though fully set forth herein, all of the allegations of above paragraphs. As and for a third claim for relief, Plaintiffs allege:

## XXV.

Pursuant to NRS 41.085, as a further direct and proximate result of the foregoing death of the deceased, plaintiffs have incurred reasonable and necessary expenses for decedents funeral, burial, and memorial services to their damage in a presently unascertained sum. Plaintiffs request permission to insert the amount when it is finally determined.

////

////

////




**PLAINTIFFS' PRAYER FOR RELIEF:**

1. For general compensatory damages, pain and suffering and loss of life and of enjoyment of life, in a sum in excess of Ten Thousand Dollars ($10,000.00);

2. For special damages including but not limited to medical, funeral, miscellaneous expenses, and incidental expenses in an amount in conformance to proof at trial;

3. Damages for grief and sorrow, the loss of probable support, companionship, society, comfort, services and consortium in the amount in excess of $10,000;

4. For reasonable attorney's fees and costs of this action, and prejudgment interest herein;

5. Punitive and/or exemplary damages in an amount in excess of $10,000.00; and

6. For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 3rd day of February, 2010.

                                              BAKER LAW OFFICES,

BY: *[signature]*
LLOYD BAKER, ESQ.
Nevada Bar No. 6893
ROBERT W. CURTIS, ESQ.
Nevada Bar No. 9317
500 S. Eighth Street
Las Vegas, Nevada 89101
(702) 360-4949
Attorneys for Plaintiff

# CT Corporation

**Service of Process Transmittal**
06/01/2010
CT Log Number 516720949

RECEIVED RECEIVED
JUN 03 2010   JUN 02 2010
SPX LEGAL DEPT. SPX LEGAL DEPT.

**TO:** Christopher Benson, Director, Litigation
SPX Corporation
13515 Ballantyne Corporate Place
Charlotte, NC 28277

**RE:** Process Served in Nevada

**FOR:** SPX Cooling Technologies, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | In re-estate of Edgar H. Malloy, et al., Pltfs. vs. SPX Cooling Technologies, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Affidavit of Service Form, Complaint |
| **COURT/AGENCY:** | Clark County District Court, NV<br>Case # A906501 |
| **NATURE OF ACTION:** | Product Liability Litigation - Defective design of the Marley M-1 Cooling Tower resulting to the wrongful death of the Pltf. |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company of Nevada, Carson City, NV |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/01/2010 at 11:02 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days, exclusive of day of service |
| **ATTORNEY(S) / SENDER(S):** | Christian M. Morris<br>Baker Law Offices<br>500 S. Eighth Street<br>Las Vegas, NV 89101<br>702-360-4949 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 799521059877<br>Image SOP |
| **SIGNED:** | The Corporation Trust Company of Nevada |
| **PER:** | Anthony Romano |
| **ADDRESS:** | 311 South Division Street<br>Carson City, NV 89703 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / RC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.